MARC A. LEVINSON (STATE BAR NO. 57613)
Malevinson@orrick.com
CYNTHIA J. LARSEN (STATE BAR NO. 123994)
clarsen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900

MARSHALL B. GROSSMAN (STATE BAR NO. 35958)
mgrossman@orrick.com
NATALIE NAHABET (STATE BAR NO. 301597)
nnahabet@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
Healthcare Conglomerate Associates, LLC

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　　Debtor.<br><br>SPECIALTY LABORATORIES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HCCA TULARE REGIONAL MEDICAL CENTER, an unknown business entity; HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, a California Limited Liability Company; TULARE LOCAL HEALTH CARE DISTRICT, a California public entity; and Does 2 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 17-13797<br><br>Chapter 9<br><br>Adv. No.: 18-01014<br><br>**DEFENDANT HEALTHCARE CONGLOMERATE ASSOCIATE, LLC'S ANSWER TO PLAINTIFF SPECIALTY LABORATORIES, INC.'S AMENDED COMPLAINT** |

Defendant Healthcare Conglomerate Associates, LLC ("Defendant"), hereby responds to the Amended Complaint ("Amended Complaint") of Specialty Laboratories, Inc. ("Plaintiff") and alleges affirmative and other defenses as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and for such reasons, denies each and every allegation contained within that paragraph.

2. Paragraph 2 contains conclusions of law to which no response is required, but to the extent a response is deemed to be required, Defendant denies each and every remaining allegations.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and for such reasons, denies each and every allegation contained within that paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and for such reasons, denies each and every allegation contained within that paragraph.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and for such reasons, denies each and every allegation contained within that paragraph.

9. Defendant denies the allegations of Paragraph 9.

10. Paragraph 10 does not contain any allegations which require a response, but to the extent a response is deemed to be required, Defendant denies each and every remaining allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and for such reasons, denies each and every allegation contained within that paragraph.

12. Paragraph 12 contains conclusions of law to which no response is required, but to the extent a response is deemed to be required, Defendant admits that it was the agent of co-Defendant Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Co-Defendant"), admits that Defendant was acting in the scope of its authority as such agents with the permission and consent of Co-Defendant. Defendant denies each and every remaining allegations.

13. In response to Paragraph 13, Defendant reasserts and incorporates by reference its responses to the paragraphs referred to therein as if those responses were set forth again in full in this response.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. In response to Paragraph 17, Defendant reasserts and incorporates by reference its responses to the paragraphs referred to therein as if those responses were set forth again in full in this response.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. In response to Paragraph 20, Defendant reasserts and incorporates by reference its responses to the paragraphs referred to therein as if those responses were set forth again in full in this response.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. In response to Paragraph 23, Defendant reasserts and incorporates by reference its responses to the paragraphs referred to therein as if those responses were set forth again in full in this response.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

///

26. Defendant denies each and every allegation in the prayer for relief including Paragraph 1 on the First Cause of Action, Paragraph 2 on the Second Cause of Action, Paragraph 3 on the Third Cause of Action, and Paragraphs 4 and 5 of all Causes of Action.

27. Defendant further denies each and every allegation not heretofore controverted and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

28. The Court lacks subject matter jurisdiction for reasons including, but not limited to, Plaintiff's failure to comply with the Government Claims Act (California Government Code Section 810 *et seq.*), which is applicable to the entirety of the claims and as to all defendants.

29. Plaintiff lacks standing to bring this action for, among other things, failure to comply with the Government Claims Act as set forth hereunder.

30. The Court lacks personal jurisdiction for reasons including, but not limited to, insufficient process and insufficient service of process of the Complaint and the Amended Complaint.

31. The Court lacks jurisdiction due to the mandatory, binding arbitration clause in the Laboratory Services Agreement, entered into between Plaintiff and Co-Defendant.

32. Plaintiff has named a non-existent entity, "HCCA TULARE REGIONAL MEDICAL CENTER, an unknown business entity," as a defendant. The Court lacks jurisdiction over such non-existent entity.

33. Each and every cause of action of Plaintiff's Amended Complaint against Defendant is barred by the defense of agency because any liability, if established, is solely the liability of Co-Defendant, as principal.

34. The liability alleged by Plaintiff is founded upon a debt owed, if at all, by another, and not by Defendant.

35. Each and every cause of action of Plaintiff's Amended Complaint is barred by the doctrine of waiver based, *inter alia*, on Plaintiff's agreement with Co-Defendant to the provisions of the Laboratory Services Agreement.

///

- 4 -

36. Plaintiff's Amended Complaint is barred by various statutes of limitation, in particular, but not restricted to Code of Civil Procedure §§335, 337, 338, 339, 340, 343, Penal Code 801, and other applicable statutes of limitation.

37. Each and every cause of action of Plaintiff's Amended Complaint is barred by the doctrine of laches in light of Plaintiff's failure to assert prior to this dispute that HCCA, as distinguished from Co-Defendant, was liable for the amounts in question.

38. Each and every cause of action of Plaintiff's Amended Complaint is barred by the doctrine of consent in light of Plaintiff's Laboratory Services Agreement with Co-Defendant.

39. Each and every cause of action of Plaintiff's Amended Complaint is barred by the doctrine of unclean hands in light of the Laboratory Services Agreement with Co-Defendant and the absence of any contractual agreement between Plaintiff and Defendant or any claim prior to the institution of litigation that Plaintiff believed HCCA, rather than Co-Defendant, was liable for its alleged damages.

40. Plaintiff's Amended Complaint is barred by the doctrine of estoppel given that it entered into an agreement with Co-Defendant upon which all defendants relied when Defendant acted as agent for Co-Defendant.

41. Plaintiff's Amended Complaint is barred by the statue of frauds (California Civil Code § 1624), given that there is no written agreement between Plaintiff and Defendant, as the Laboratory Services Agreement was entered into between Plaintiff and Co-Defendant only.

42. Plaintiff's Amended Complaint is barred due to a failure of consideration given that there was no contractual agreement between Plaintiff and Defendant and no consideration for the obligation Plaintiff now alleges.

43. The injuries and damages of which Plaintiff complains, if there were any, were proximately caused by the fault of other persons, firms, entities and corporations, including Co-Defendant, and should any judgment be rendered against Defendant, such judgment should be reduced, abated and discharged in accordance with the percentage of fault charged against such other persons, firms, entities and corporations.

///

44.　　If it should be established that Defendant is in any manner legally responsible for Plaintiff's alleged damages, which is denied, Defendant is entitled to indemnity and/or contribution from any and all other parties currently named or to be named in this litigation in direct proportion to the negligence or other actionable conduct which proximately caused or contributed to the alleged damages, if any.

45.　　No act or omission of Defendant was a substantial factor in bringing about the alleged damages of Plaintiff, nor was any act or omission a contributing cause thereof.

Defendant reserves the right to allege additional defenses as they become known.

**PRAYER FOR RELIEF**

Defendant prays for relief as follows:

1.　　That the Court find against Plaintiff on all claims;

2.　　Award Defendant costs and attorneys' fees as permitted by law;

3.　　Award Defendant general relief.

Dated: April 17, 2018.　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Marc A. Levinson*
Marc A. Levinson
Attorneys for Defendant
Healthcare Conglomerate Associates, LLC